MORGAN LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, SBN 149638
dschrader@morganlewis.com
CHRISTINA L. SEIN, SBN 229094
csein@morganlewis.com
TAYLOR DAY, State Bar No. 267435
tday@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC. and
TOYOTA MOTOR CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE CORSON and SUSAN M. YACKS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR CORPORATION,<br><br>Defendants. | Case No. CV 12-8499-JGB (VBKx)<br><br>**PROTECTIVE ORDER**<br><br>Complaint Served: October 10, 2012 |

Based on the Joint Stipulation for Entry of Protective Order by Toyota Motor Sales, U.S.A., Inc. ("TMS") and Toyota Motor Corporation ("TMC") (collectively, the "Toyota Defendants") and Plaintiffs, and good cause appearing, the Court Orders as follows:

1. The term "confidential information" as used in this Stipulated Protective Order shall refer to those documents identified as "Confidential" or "Subject to Protective Order" as described below, and to the substance of any information obtained from such documents that are claimed in good faith by the

Toyota Defendants to contain proprietary interests, trade secrets, or confidential commercial information, in addition to information that provides the Toyota Defendants a competitive advantage that will be irretrievably lost if the information is acquired by competitors of the Toyota Defendants.

2. The documents protected by this Stipulated Protective Order have been designated by:

    (a) Typing, stamping or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER;" and

    (b) Applying such in a manner so as not to obscure any information contained therein.

3. All information and documents designated as confidential shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Stipulated Protective Order.

4. Any notes, lists, memoranda, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of "confidential information" and any summaries of "confidential information," which quote from, identify or refer to the "confidential information" with such specificity that the "confidential information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "confidential information" from which they are made and shall be subject to all of the terms of the Stipulated Protective Order.

5. All "confidential information" shall be used for purposes of this action only, shall not be used for any business, commercial or competitive purposes, **may be disclosed only to the following individuals or entities, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person, entity or judicial tribunal other than**:

    (a) The Court in this case authorized court reporters retained for this

| | | |
|---|---|---|
| 1 | | case; |
| 2 | (b) | Counsel with the law firms representing the parties; |
| 3 | (c) | An employee of counsel with the law firms representing the parties to whom it is necessary that the material be shown for purposes of this action; |
| 6 | (d) | Experts or professional advisors and persons regularly employed in their offices retained by a party to assist in the prosecution or defense of this action, but only to the extent necessary for such person to perform their assigned tasks in connection with this action. |
| 11 | (e) | Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears from the face of the material that the witness authored or received a copy of it, was directly involved in the subject matter described therein or is currently employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure, provided that, before any deponent is shown or examined regarding any "confidential information," the attorney examining the deponent must explain to the deponent that the information is subject to this Stipulated Protective Order and the deponent must agree to be bound by its terms; |
| 23 | (f) | Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, who for good cause must have access to "confidential information," provided such vendors have signed a non-disclosure agreement in the form attached hereto as Appendix A. Such vendors include, but are not limited to, court reporters, litigation support personnel, jury |

consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other business entities, "party" shall mean those officers, directors, partners, members, and employees deemed necessary to aid counsel in the prosecution and defense of this lawsuit.

6. "Confidential information" shall not be shown or disclosed to persons described in paragraphs 5(b) through 5(g) until that person shall be shown this Stipulated Protective Order and signs and dates a written agreement to be bound by the terms of this Stipulated Protective Order, which agreement shall be identical to that set forth in Appendix A of this Stipulated Protective Order.

7. The original and copies of the signed Appendix A agreement(s) referenced in paragraph 6 above, shall be maintained in the possession, custody and control of Plaintiffs' counsel. Upon a showing of good cause and after notice and meet and confer, the Toyota Defendants may seek a Court Order requiring Plaintiffs to disclose such signed copies to them.

8. All persons who receive "confidential information" and/or material or information accorded the status of confidentiality in this action shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Protective Order.

9. Copies of discovery responses and documents containing "confidential information" shall not be filed with the Court, except in accordance with Paragraph 10 herein.

10. If any document that is submitted to the Court by any party, including but not limited to deposition testimony, deposition exhibit, discovery request or

response, motion, memorandum, affidavit, brief, or any other submission to the Court, includes, incorporates, or quotes "confidential information," such submission shall be filed in accordance with Local Rules 79-5.1 through 79-5.3. The party filing or lodging any pleading or paper which contains any information or document subject to this Stipulated Protective Order shall comply with Local Rule 79-5 *et seq.* At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 18 below.

11. To the extent that any "confidential information" is used in the taking of depositions, such "confidential information" shall remain subject to the provisions of this Stipulated Protective Order. At the time any "confidential information" is used in any deposition, counsel for the parties must inform the reporter of this Stipulated Protective Order. The reporter shall operate in a manner consistent with this Stipulated Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information. **The confidential information shall be sealed and made part of the original deposition transcript and counsel for the Toyota Defendants shall retain custody and control of the original transcript, or that portion of the original transcript referring to the confidential information and the sealed confidential documents. Counsel for Plaintiffs shall receive one certified copy of that portion of the original transcript referring to the confidential information and the sealed confidential documents and shall treat such certified copy in accordance with the terms of this Stipulated Protective Order. At the conclusion of this action, all such copies shall be returned to counsel for Toyota Defendants pursuant to Paragraph 18 below.**

12. The Toyota Defendants may designate depositions or other testimony concerning the documents and the information contained therein as "confidential

information" by:

    (a)    Stating orally on the record the day the testimony is given that the information is expected to be "confidential;" or,

    (b)    Sending written notice designating those portions of the deposition or other testimony to be treated as "Confidential," within 10 days after receipt of the draft transcript; or,

    (c)    In the case of an expedited transcript, sending written notice designating those portions of the deposition or other testimony to be treated as "Confidential," within 3 days after receipt of the expedited transcript.

The reporter shall operate in a manner consistent with this Stipulated Protective Order if she receives any confidential designations from the Toyota Defendants as described in subparagraphs (a) or (b) above, and shall then prepare a final transcript segregating the confidential portions of the deposition, including documents and other exhibits containing "confidential information." **Counsel for the Toyota Defendants shall maintain custody and control of the segregated portion of the final transcript containing confidential information. Those pages in any transcript referring to confidential information shall include a stamp identifying all such pages as "confidential." Counsel for Plaintiffs shall receive one certified copy of the segregated portion of the final transcript referring to the confidential information and shall treat such certified copy in accordance with the terms of this Stipulated Protective Order. At the conclusion of this action, all such copies shall be returned to counsel for Toyota Defendants pursuant to Paragraph 18 below.**

    13.    Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in specific instances. Any party may apply to the Court for

relief from limitations if such party deems such relief is required in specific instances.

14. Nothing in this Stipulated Protective Order shall prevent any disclosure if the party designating the information as confidential consents to such disclosure.

15. The execution of this Stipulated Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

16. Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. In the event a party to this action disagrees with the designation of any information as confidential, the parties shall meet and confer in an attempt to resolve the dispute pursuant to the Central District Local Rule 37. If the disagreement cannot be resolved in this fashion, the parties shall file a written joint stipulation containing all issues in dispute, which will be prepared in conformity with Local Rules 37-2.1 and 37-2.2. Each party may then file a supplemental memorandum of law, pursuant to Local Rule 37-2.3. Nothing in this Stipulated Protective Order affects or alters the burden on the designating party to establish the propriety of confidential treatment for any information or document designated as confidential. Any information designated as such shall remain "confidential information" under the provisions of this Stipulated Protective until further Order of the Court.

17. Nothing contained in this Stipulated Protective Order shall prevent a party to this action from using its own confidential information and material in any way that it sees fit, or from revealing its own confidential information and material to whomever it chooses, without prior consent of any person or of the Court.

18. After the conclusion of this action as to all parties, all "confidential information" and all copies thereof shall be returned to counsel for the Toyota

Defendants and shall remain subject to the terms of this Stipulated Protective Order, and the parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of "confidential information" after conclusion of this action.

19. This Stipulated Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by Motion, with notice given to each of the parties.

20. Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Stipulated Protective Order and the parties agree to take reasonable steps to maintain the confidentiality of any "confidential information" at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree. Before any such presentation of "confidential information," plaintiffs shall provide the Toyota Defendants with appropriate notice so that the Toyota Defendants may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the "confidential information."

**IT IS SO ORDERED.**

Dated: November 14, 2013

                                                      /S/
HON. VICTOR B. KENTON
Magistrate Judge